HONORABLE THOMAS S. ZILLY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAWN CARROLL, et al,

    Plaintiffs,

v.

UNIVERSITY OF WASHINGTON,

    Defendant.

No. C08-01498-TSZ

ORDER GRANTING A LIMITED, BILATERAL PROTECTIVE ORDER

THIS MATTER comes before the Court on Plaintiffs' Motion for Protective Order, docket no. 10, requesting to preclude Defendant from seeking medical records. Having reviewed the briefs and declarations submitted by the parties, the Court finds itself fully advised. The Court's ORDER is set forth below. To the extent Plaintiffs seek relief beyond or inconsistent with the provisions below, the Motion is DENIED:

1. This is a lawsuit for damages resulting from alleged violations of state and federal law.

2. The parties are making disclosures of documents in accordance with the Federal Rules governing discovery. This will likely include private or confidential information related to personnel files, medical records, or other documents subject to limited disclosure.

3. The Health Information Protection Administrative Act (HIPAA), 42 U.S.C. § 1320 *et seq.*, does not bar the production of records from medical providers. HIPAA does, however, condition the release of the protected medical records on notice and the existence of a qualified Protective Order.

ORDER - 1

4. Accordingly, the documents released by either party shall not be disclosed or made available to any person or entity, except as provided herein, and shall be used only for purposes of Western Washington District Court, Cause No. No. 08-01498. The documents shall be disclosed only to counsel of record in this case, and only to expert witnesses and consultants, where such disclosure pertains to this case. Prior to delivery, the expert witnesses and consultants shall first read this Order and agree to be bound by its terms. For purposes of this Order, disclosure to counsel includes disclosure to the employees of counsel, including secretarial and paralegal assistants, as necessary to assist in the preparation of this case.

5. The potential use of the documents in subsequent motions and trial will be limited only by applicable procedural Court rules or substantive law.

6. The protected health information, including all copies made, shall be returned to the health provider or destroyed at the end of the litigation or proceeding.

7. This Order may be modified or revoked only by subsequent Court order. Its terms shall survive any settlement, discontinuance, dismissal, severance, or other disposition of this litigation and the Court shall retain jurisdiction to enforce them.

8. This Order shall apply to all documents received in response to the subpoenas at issue in Plaintiffs' Motion for a Protective Order, docket no. 10, and this Order, including documents already received by counsel. Nothing set forth in this Order is intended to limit the parties' use of any other records already in their possession, nor limit or prejudice their ability to comply with other applicable state and federal laws.

IT IS SO ORDERED

DATED this 20th day of March, 2009.

_____
Thomas S. Zilly
United States District Judge

ORDER - 2